IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-cv-00383-FL

| | | |
|---|---|---|
| JORDAN DUBLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GOLDMAN SACHS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon plaintiff's motion to vacate arbitration award (DE 3) and for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 6). Plaintiff, proceeding pro se, filed objections to the M&R. Also pending is plaintiff's motion for service by United States Marshals. (DE 8). In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses plaintiff's complaint, and terminates as moot plaintiff's remaining motions.

## BACKGROUND

Plaintiff filed his complaint and motion seeking to vacate arbitration award, asserting defendant "inaccurately reported adverse information to various consumer reporting agencies, causing significant financial harm, loss of housing, and long-term instability." (Mot. Vacate (DE 3) at 1). Plaintiff alleges that in the arbitration proceedings resulting in a decision against plaintiff, the arbitrator showed "a complete abandonment of neutrality . . . [and a] prejudicial

mismanagement of the record." (Id. at 1-2). Plaintiff further alleges "the arbitrator allowed [defendant] to manipulate the schedule, dictate terms, and control the hearing timeline, including postponing the evidentiary hearing under pretextual claims while [plaintiff's] evidence and witnesses were suppressed or ignored." (Id. at 2). The arbitrator allegedly granted defendant extensions to respond to discovery requests and postponed the evidentiary hearing over plaintiff's objections. (Id. at 4, 9). At the hearing, according to plaintiff, "the arbitrator interrupted [plaintiff] repeatedly, restricted presentation of evidence, and led [defendant]'s counsel in questioning and structure. At one point, the arbitrator stated on record that he had 'already read everything' and 'already reached a decision' - before hearing all witnesses or evidence." (Id. at 12). Finally, plaintiff asserts the arbitrator exceeded his powers, "demonstrated partiality and bias," "engage[d] in misconduct by refusing to hear evidence," and that the arbitration award "violates established public policy and federal consumer protection laws." (Id. at 14-20).

Plaintiff claims "this action arises under the Federal Arbitration Act[,]" 9 U.S.C. §§ 1 et seq., and "involves violations federal consumer protection laws . . . [and] due process violations under the U.S. Constitution." (Compl. at 3). Plaintiff asks the court to vacate the arbitration award and for monetary damages. (Compl. at 4.).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject,

2

Case 5:25-cv-00383-FL   Document 9   Filed 12/11/25   Page 2 of 6

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.     Analysis

The magistrate judge recommends dismissal of plaintiff's complaint for lack of subject matter jurisdiction. Upon careful review of the M&R, the record in this case, and plaintiff's objections, the court adopts the M&R, for the following reasons.

1.     Federal Question Jurisdiction

"The Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968). "The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist." Id. "Furthermore, the complaint must state on its face the grounds for its jurisdiction." Id. "These rules are applicable to diversity as well as to the 'Federal question' jurisdiction of the District Courts." Id.

"The Arbitration Act . . . does not create any independent federal-question jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983). However, in Vaden v. Discover Bank, 556 U.S. 49 (2009), the Supreme Court held "[a] federal court may 'look through' a [petition to compel arbitration] to determine whether it is predicated on an action that 'arises under' federal law" to establish jurisdiction. Id. at 62.

Badgerow v. Walters, 596 U.S. 1 (2022), expressly rejected the "look through" approach for petitions to modify or vacate an arbitration award. Id. at 5. "[A] court may look only to the application actually submitted to it in assessing its jurisdiction." Id. "[A]n applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." Id. at 8. An arbitration "award is no

3

more than a contractual resolution of the parties' dispute—a way of settling legal claims." Id. at 9.

Here, plaintiff seeks to vacate an arbitration award, and accordingly, "must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." Id. at 8. The court may not "look through" to the underlying claims of the arbitration proceedings to manufacture federal question jurisdiction. Id. Even if the arbitration dispute involved federal consumer protection claims, those claims do not create an independent federal question.

Plaintiff states the motion to vacate asserts claims under the "Fair Credit Reporting Act[,]" "the Truth in Lending Act[,]" and the "Fair Debt Collection Practices Act." (DE 7 at 6).[1] However, plaintiff's motion and complaint do not assert claims arising under these federal statutes. Rather, plaintiff seeks to vacate an award from an arbitration proceeding that allegedly implicated those statutes. (See Mot. Vacate (DE 3) at 14-20) ("These statutory violations cannot be waived or excused simply because the matter was heard in arbitration . . .").

Plaintiff's objections to the contrary are based on a misreading of Vaden. Plaintiff states Vaden requires "federal courts [] look through a motion to vacate to the underlying controversy to determine whether federal-question jurisdiction exists." (DE 7 at 7). However, as noted above, Vaden involved petitions to compel arbitration, not petitions to vacate arbitration awards. See Badgerow, 596 U.S. at 5. The other case plaintiff relies on, Doe v. Princess Cruise Lines, Ltd., 657 F.3d 1204 (11th Cir. 2011), also involved a motion to compel arbitration, not a motion to vacate an arbitration award. See id. at 1208.

---

[1] Plaintiff did not object to the magistrate judge's finding that he failed to show sufficient state action to assert a due process claim. Accordingly, the court adopts this part of the magistrate judge's recommendation upon clear error review.

Lastly, plaintiff argues "[t]he arbitration award endorsed conduct that violated these statutes, creating a substantial federal issue." (DE 7 at 6). However, this argument only reframes the "look through" test rejected in Badgerow. See 596 U.S. at 5. If the court adopted this view, any adverse ruling in an arbitration proceeding involving a federal claim would confer federal jurisdiction. See Friedler v. Stifel, Nicolaus, & Co., Inc., 108 F.4th 241, 246 (4th Cir. 2024) ("[B]oth parties contend that because the 'face of the petition' asserts that the arbitration panel manifestly disregarded federal securities laws, the district court had federal-question jurisdiction over the dispute under § 1331. We can't agree.").

In sum, plaintiff fails to demonstrate any independent federal question exists.

2. Diversity Jurisdiction

Plaintiff also suggests diversity jurisdiction exists in the instant case. Plaintiff contends: "Plaintiff is a citizen of North Carolina, and Defendant Goldman Sachs Bank USA is incorporated and maintains its principal place of business in New York." (DE 7 at 6). However, plaintiff does not allege diversity jurisdiction exists in his complaint. (Compl. 3-4); see Bowman, 388 F.2d at 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

Furthermore, plaintiff's complaint also does not allege the citizenship of either party. Plaintiff first alleges the citizenship of the parties in his objections. Even with the court's deference to plaintiff's pro se status, "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013).

Plaintiff's complaint does provide his address and provides an address in Utah for defendant. (See Compl. at 1).[2] However, an address or allegation of residency is not sufficient to

---

[2] Plaintiff's motion to vacate also states he "relocated" to Maryland June 11, 2025, further confusing the citizenship issue. (DE 3 at 21).

5

establish diversity jurisdiction. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998). "As the Supreme Court has consistently held, however, state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile." Id. "[T]he existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." Id. Thus, even with a generous construction of plaintiff's allegations, there are not sufficient facts to infer citizenship and diversity jurisdiction.[3]

Lastly, plaintiff's objections also emphasize the court must liberally construe his complaint and motion due to his pro se status. (DE 7 at 11). But even with the liberal construction given above, plaintiff's complaint does not establish jurisdiction.

Therefore, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 6). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Plaintiff's motion to vacate (DE 3) and motion for service by U.S. Marshalls (DE 8) are TERMINATED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 11th day of December, 2025.

                                                LOUISE W. FLANAGAN
                                                United States District Judge

---

[3] Exhibit 32 to plaintiff's motion to vacate, a Consumer Financial Protection Bureau ruling, does state at one point defendant is "headquartered at 200 West Street, New York, NY 10282." (DE 3-16 at 15). Plaintiff does not attach this exhibit to allege citizenship or domicile. See Williams v. Ozmint, 716 F.3d 801, 805 (4th Cir. 2013) ("[L]iberal construction does not require us to attempt to discern the unexpressed intent of the plaintiff."). Moreover, this address provided in plaintiff's exhibit conflicts with the address plaintiff asserted in his complaint. (See Compl. at 1).